Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2304 | **DATE** | 4/1/2002 |
| **CASE TITLE** | Automotive Finance Corp. vs. Automax of northern Illinois | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Both the Compliant and this action are dismissed for lack of subject matter jurisdiction. This ruling is or course without prejudice to Automotive's refiling of this action in a state court of competent jurisdiction.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | |
| ✓ | Notices mailed by judge's staff. | | APR 0 2 2002 | | 2 |
| | Notified counsel by telephone. | | date docketed | | |
| | Docketing to mail notices. | | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | 4/1/2002 | | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice SN mailing deputy initials | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

AUTOMOTIVE FINANCE CORPORATION, )
)
               Plaintiff, )
)
v. ) No. 02 C 2304
)
AUTOMAX OF NORTHERN ILLINOIS, INC.,)
et al., )
)
               Defendants. )

DOCKETED
APR 0 2 2002

MEMORANDUM OPINION AND ORDER

Automotive Finance Corporation ("Automotive") has just filed its Complaint for Monetary Damages and Other Relief against Automax of Northern Illinois, Inc. ("Automax"), Jack Meade ("Meade") and John Does 1 through 10 ("Doe Defendants"), purporting to invoke federal subject matter jurisdiction on diversity of citizenship grounds under 28 U.S.C. §1332.[1] Because such jurisdiction plainly (and indeed concededly) does not exist on the face of Automotive's Complaint, this Court sua sponte dismisses both the Complaint and this action on that ground.

Automotive properly does its job in Complaint ¶¶2 and 3 as to both corporate parties--itself and Automax--by identifying both facets of their respective states of citizenship under Section 1332(c)(1). But as to Meade, Complaint ¶4 identifies only his state of <u>residence</u> and not his state of <u>citizenship</u>, even though by definition the latter is the relevant fact. As

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

taught by Held v. Held, 137 F.3d 998, 1000 (7th Cir. 1998), quoting Guaranty Nat'l Title Co. v. J.E.G. Assocs., 101 F.3d 57, 59 (7th Cir. 1996):

> Of course, allegations of residence are insufficient to establish diversity jurisdiction. It is well-settled that "[w]hen the parties allege residence but not citizenship, the court must dismiss the suit."

Despite that directive, this Court normally gives the errant plaintiff's lawyer a chance to cure that type of flaw--both (1) because an individual's place of residence so frequently (though not invariably) coincides with his or her state of citizenship and (2) to spare the client the need to pay another $150 filing fee. But in this instance the injection of Doe Defendants is a fatal flaw, for Complaint ¶5 (emphasis added) alleges:

> Upon information and belief, the Doe Defendants are individuals and/or entities organized and existing under the laws of indeterminate states, maintain principal places of business at indeterminate addresses, and transact and do business in the State of Illinois and within this Judicial District. The identities of the Doe Defendants are not presently known, and this complaint may be amended to include the name or names of said individuals and/or entities if and when their identities can be established.

Nearly two decades ago this Court found such allegations ran afoul of the nearly-two-centuries-old (see Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806)) requirement of total diversity as between the plaintiff's side and the defendants' side (see John Hancock Mutual Life Ins. Co. v. Central Nat'l Bank

in Chicago, 555 F.Supp. 1026 (N.D. Ill. 1983)). And although confirmation of that basic proposition was scarcely necessary, Congress has essentially done so by amending the <u>removal</u> statute--but not the statute dealing with original jurisdiction--to eliminate the problem where a case with unnamed parties has been brought to the federal courthouse via removal. Here is the relevant provision of Section 1441(a):

> For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.[2]

As stated at the outset, then, both the Complaint and this action are dismissed for lack of subject matter jurisdiction. This ruling is of course without prejudice to Automotive's refiling of this action in a state court of competent jurisdiction.

                                                _/s/ Milton I. Shadur_
                                          Milton I. Shadur
                                          Senior United States District Judge

Date: April 1, 2002

---

[2] [Footnote by this Court] There is a perfectly legitimate reason for the congressional decision to distinguish between original jurisdiction cases and removed cases in that respect. In the removal situation, a plaintiff may simply be following state court practice by including fictitious parties (California is the jurisdiction best known for that practice), and the Section 1441(a) amendment was adopted to resolve the problems that Ninth Circuit jurisprudence was causing in that respect, potentially depriving defendants of their right to remove cases as to which there was no real question about diversity. By contrast, in original jurisdiction cases it is the plaintiff's counsel who controls the allegations and who can hence avoid the consequences visited on counsel and client by an order of the present type.